**Lu De ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72332.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

Jesiros D. Bautista, Law Offices of Jesiros D. Bautista, Oakland, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Earle B. Wilson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Elizabeth L. Collins, Springfield, IL, for Respondent.

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM**

Lu De Zhao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision adopting and affirming the immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand in part; we deny in part.

Substantial evidence does not support the IJ's decision because the IJ failed to address the individual and cumulative effects of the hardships suffered by Zhao, including economic deprivation and harm to her family, because of her parents' violation of China's one-child policy and resistance to sterilization. *See Zhang v. Gonzales,* 408 F.3d 1239, 1247–49 (9th Cir. 2005). Accordingly, we grant the petition as to asylum and remand so that the IJ may make a new determination of Zhao's eligibility for asylum. *See id.* at 1249.

Substantial evidence does support the IJ's denial of withholding of removal. De-

---

spite the errors which undermine the IJ's asylum determination, the record does not demonstrate that it is more likely than not that Zhao will be harmed if returned to China. *See id.* at 1250. We deny the petition as to withholding of removal.

Zhao waives review of her religious persecution and CAT claim by failing to raise the issues in her opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

GRANTED and REMANDED in part; DENIED in part.

Judge Rymer would deny the petition.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

