**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LU DE ZHAO,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　　Respondent. | No. 08-70262<br><br>Agency No. A095-592-084<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Petitioner Lu De Zhao, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeal's (BIA) final order

denying her application for asylum. Because the parties are familiar with the

factual and procedural history of this case, we repeat only those facts necessary to

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Zhao's petition for review.

On August 6, 2002, Zhao filed her initial application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on alleged persecution of her family after her parents violated China's family planning policy by having a second child, Zhao's brother. After the immigration judge (IJ) and BIA denied her application, Petitioner appealed to the Ninth Circuit. *See Zhao v. Gonzales (Zhao I)*, 143 F. App'x 906 (9th Cir. 2005). The court denied her petition as to her withholding of removal claim and found her CAT and religious persecution claims waived. *Id.* at 906–07. The court remanded the asylum claim back to the IJ to make a new determination in light of *Zhang v. Gonzales*, 408 F.3d 1239 (9th Cir. 2005). On remand, the IJ again denied Zhao's asylum application and the BIA affirmed.

We conclude that substantial evidence supports the IJ's factual finding that the hardships Zhao faced did not rise to the level of persecution. *See Zhang*, 408 F.3d at 1244. We have declined to extend automatic asylum eligibility to the child of a parent who was forcibly sterilized, and we require that the child show that he or she suffered hardships that rise to the level of persecution. *Id.* at 1245–47. On remand, the IJ properly considered the "individual and cumulative effects of the

2

hardships suffered by Zhao, including economic deprivation and harm to her family." *See Zhao I*, 143 F. App'x at 906. The record shows that economic effects on the Zhao family were limited to a period less than a year between 1982 to 1983, after which both of Zhao's parents were employed, recovered their full salary, and did not face any fines. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178–80 (9th Cir. 2004) ("[M]ere economic disadvantage alone does not rise to the level of persecution.") (citations omitted). Similarly, her parents' decision to give birth to her brother at a private hospital instead of the government-run hospital for fear of reprisal did not lead to significant economic effects on Zhao. As to harm to Zhao's brother, the record does not compel the conclusion that his disability, arising from complications at birth, or subsequent harassment on account of his disability were caused by China's one child policy. Finally, evidence in the record shows that Zhao's parents were not singled out and punished for their violation. Instead the family received several benefits not afforded to others, including subsidized housing and opportunities for Zhao's father to travel abroad as a visiting scholar. Moreover, Zhaos' fear of future persecution based on the one child policy is speculative because she does not have any children and is not married. The record does not compel a finding that the hardships rose to the necessary level to establish persecution or that Zhao has established a well-founded fear of future persecution.

3

*INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We affirm the BIA's denial of Zhao's asylum claim.

As to Zhao's claims that she was improperly denied withholding of removal and that she suffered religious persecution, we hold that these claims are barred by the limited scope of the *Zhao I* remand. "[U]nder the law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (quotation marks and citation omitted). We decline to do so here.

**PETITION DENIED.**